Milligan, J.,
delivered the opinion of the Court.
This is an action of debt, brought in the Circuit Court of Davidson County, to recover a promissory note, for $5,555.55, drawn by the plaintiff in error, in favor of R. C. McNairy, (as to whom the action was dismissed,) and indorsed, and for value, delivered to defendant in error.
The declaration is in substantial conformity to the requirements of the Code, and formally purports to make proferí of the note sued on; but an informal demurrer appears to have been placed in the file of papers, without any indorsement upon it, assigning as cause of demurrer, that the plaintiff below had not, by his declaration, made proferí of the note sued on. Immediately following the demurrer, there appears to be an informal writing, signed by the defendant’s At *106 torney, in which oyer of the note sued on, is craved, and the judgment of the Court asked, whether or not the defendant shall be compelled to make any other, or further answer to the declaration, until the note shall be produced in Court.
No action whatever appears to have been taken upon the demurrer, or other informal writing, filed with the papers. They seem to have been overlooked, or totally disregarded. And at the next succeeding term, a judgment final, by default, was taken against the defendant; from which an appeal in error, is prosecuted to this Court.
The record stands in an anomalous attitude,, and presents a powerful commentary upon our departure, under statutory regulations, from the science of pleading. But we must deal with it as we find it; and we are of the opinion, treating the informal demurrer fox' the present, as regularly filed, that the omission to file the note with the declaration, was not a matter that could be reached by demurrer, proferí being made in the declaration; and the writing, called in argument, “a plea of oyer,” cleaidy indicates, that the defect sought to be reached by the demurrer was not the want of proferí, but the omission to file the note sued on with the declaration.
This being the real object and purpose of the demurrer, it might have been, upon motion, ordered off the file, or treated as frivolous, and disregarded altogether: Anderson et al. vs. Allison, Anderson & Co., 2 Head, 122.
At common law, and also, by the Code, sec. 2893, *107 a demurrer lies, for want of profert: 1 Chitty’s Plead., 366, 420.
But here proferí is made; and there is a wide distinction between proferí offered, and the actual production of the paper sued on in Court. When proferí is offered in the declaration, oyer is then, and only then, demandable: Stephens on Pleading, 69. And, if it be denied, when it ought to be granted, the party making the claim should move the Court to have the prayer of oyer entered on record; which entry is in the nature of a plea; and the plaintiff may counter-plead the right to oyer, or strike out the rest of the pleading following the oyer, and demur; upon which, judgment of the Court is, either that the defendant have oyer, or that he answer without it: 1 Chitty’s Plead., 432. See also, Anderson et al vs. Anderson, Allison & Co., 2 Head, 122.
This course would have reached the object of both the alleged plea and demurrer, and given the defendant a proper status on the record. But the informal demurrer, as presented, is an absurd "practice, and might, as we have already shown, have been stricken out, upon motion, or treated as a nullity.
The plea, called “a plea of oyer,” filed with the papers, must also fail,' because of its not having been, under the order of the Court, entered of record, which entry would then have stood as in the nature of a plea, and demanded the judgment of the Court upon it.
It follows, therefore, as we think, in the absence of any substantial defense shown to the merits of the action, that there was nothing, either in the demurrer or *108 other writing, that the Court might not disregard, and allow judgment by default.
Affirm the judgment.